UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH W. MILLS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendants. | Case No. CV 20-2846-CBM (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff Kenneth W. Mills ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///
///

## II.

## **ALLEGATIONS IN THE COMPLAINT**

On March 16, 2020, Plaintiff, who is currently an inmate at California State Prison – Los Angeles County in Lancaster, California ("CSP-LAC"), constructively filed[1] a Complaint naming the State of California as the sole defendant. ECF Docket No. ("Dkt.") 1 at 1-2, 6. Plaintiff sets forth the following three claims for relief pursuant to Section 1983, the ADA, and the Rehabilitation Act. Id. at 3-6. First, Plaintiff appears to allege he was denied a "computation review hearing." Id. at 3. Second, Plaintiff appears to allege (1) moving him from a prison in Northern California to CSP-LAC is causing "pain and suffering" because the move has precluded family visits in violation of the Fifth, Eighth, and Fourteenth Amendments; and (2) he is disabled but his mattress does not comply with ADA requirements and he is "made to lie on [a] bed w[ith] no springs." Id. at 3-4. Third, Plaintiff alleges correctional officers at CSP-LAC "go[] through [the] mail bag and throw[] away some mail" such that Plaintiff's mail "does not reach [his] family." Id. at 5. As a result, Plaintiff requests $13,000,000 and "to be released from State of California Prison." Id. at 6.

## III.

## **STANDARD OF REVIEW**

Where a plaintiff is a prisoner or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

2

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." <u>Zamani v. Carnes</u>, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. <u>Hamilton v. Brown</u>, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Cook v. Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed <u>pro se</u> is 'to be liberally construed,' and a '<u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Woods v. Carey</u>, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual

3

allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE ADA OR REHABILITATION ACT

**1. Applicable Law**

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a), prohibit discrimination on the basis of disability in the programs, services or activities of a public entity. Title II of the ADA and Section 504 of the Rehabilitation Act apply to inmates within state prisons. See Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997). However, Title II of the ADA and Section 504 of the Rehabilitation Act only afford causes of action against public entities, and do not encompass public officials sued in their individual

capacities.² 29 U.S.C. §§ 794, 794a; 42 U.S.C. § 12132; Miranda B. V. Kitzhaber, 328 F.3d 1181, 1187 (9th Cir. 2003); Roberts v. California Dep't of Corr. & Rehab., No. EDCV 16-1929 CJC (JC), 2017 WL 3635175, at *9 (C.D. Cal. Aug. 22, 2017). The proper defendant for an ADA claim is the public entity responsible for the alleged discrimination. Conklin v. Espinda, No. CV 19-00087 JMS-RT, 2019 WL 7116351, at *14 (D. Haw. Dec. 23, 2019) (citing Everson v. Leis, 556 F.3d 484, 501 & n.7 (6th Cir. 2009) (collecting cases)).

To state a claim for violation of Title II of the ADA or Section 504 of the Rehabilitation Act, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs or activities; (3) he was excluded or otherwise discriminated against by the public entity; and (4) the exclusion or discrimination occurred solely by reason of his disability. Martin v. Roche, No. EDCV 08-0827-SJO (JTL), 2009 WL 32635, at *11 (C.D. Cal. Jan. 5, 2009). In addition, for a Rehabilitation Act claim, a plaintiff must also allege the public entity receives federal financial assistance. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002), cert. denied, 537 U.S. 1105 (2003).

To recover monetary damages under the ADA, Plaintiff must show intentional discrimination on the part of state officials. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The test for intentional discrimination is deliberate indifference. Id. A defendant acts with deliberate indifference only if (1) the defendant has knowledge from which an inference could be drawn that a harm to a

---

² In the Ninth Circuit, state agencies are not entitled to Eleventh Amendment sovereign immunity from suit under Title II of the ADA. Phiffer v. Columbia River Correctional Institute, 384 F.3d 791, 792 (9th Cir. 2004) (per curiam). As to the Rehabilitation Act, the Ninth Circuit has held that "[b]ecause California accepts federal funds under the Rehabilitation Act, California has waived any immunity under the Eleventh Amendment" as to that Act's anti-discrimination provisions. See Clark v. State of California, 123 F.3d 1267, 1271 (9th Cir. 1997).

5

federally protected right is substantially likely, and (2) the defendant actually draws that inference and fails to act upon the likelihood. See id. at 1138-39.

**2.  Analysis**

As an initial matter, Plaintiff fails to allege facts showing intentional discrimination. Therefore, Plaintiff cannot recover monetary damages under the ADA or Rehabilitation Act. See Duvall, 260 F.3d at 1138. In addition, the State of California is not a proper defendant for his ADA and Rehabilitation Act claims. Stuckey v. California, No. 19-CV-05460-YGR, 2020 WL 1032302, at *2 (N.D. Cal. Mar. 3, 2020) (dismissing claims against the State of California because "the proper defendant for an ADA action is the institution in which Plaintiff is incarcerated").

Moreover, Plaintiff fails to allege he was discriminated against solely by reason of his disability. Plaintiff alleges he is a "disabled American (uses a wheel-chair for mobility)." Dkt. 1 at 4. Plaintiff, however, fails to explain how the denial of visits from his family is related to his use of a wheelchair. In fact, Plaintiff alleges it is the distance between his family and his new place of incarceration in Lancaster, CA that has resulted in his family not being able to visit him. Id. Plaintiff also alleges he is "made to l[ie] on a bed w[ith] no springs" and that "no ADA mattresses [are] allowed." Id. Plaintiff, however, fails to explain how the disability requiring him to use a wheelchair for mobility entitles him to an ADA mattress. Finally, it is unclear how Plaintiff's claims regarding denial of a computation review hearing or tampering with his mail are related to his disability.

Finally, to the extent Plaintiff seeks to sue for alleged inadequate healthcare under the ADA or Rehabilitation Act, such a claim fails as a matter of law. See Gordy v. Agamyan, No. CV 18-2590-GW (JPR), 2018 WL 3129779, at *4 (C.D. Cal. June 22, 2018); Figueira ex rel. Castillo v. Cnty. of Sutter, No. 2:15-cv-00500-KJM (AC), 2015 WL 6449151, at *8-9 (E.D. Cal. Oct. 23, 2015) (dismissing ADA/Rehabilitation Act claims arising from suicide of mentally ill inmate following allegedly inadequate health

care in custody; noting that "[t]he defendants cannot have violated the ADA by failing to attend to the medical needs of disabled prisoners").

Hence, Plaintiff's ADA and Rehabilitation Act claims are subject to dismissal.

## B. THE ELEVENTH AMENDMENT BARS ALL SECTION 1983 CLAIMS AGAINST THE STATE OF CALIFORNIA

### 1. Applicable Law

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether a plaintiff "seek[s] damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102. "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990).

### 2. Analysis

Here, to the extent Plaintiff seeks to sue the State of California pursuant to Section 1983, such claims are barred because the State of California is protected by the Eleventh Amendment. See Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (affirming district court holding that CDCR is entitled to Eleventh Amendment immunity). Thus, Plaintiff's Section 1983 claims against the State of California are subject to dismissal.

## V.

## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is

granted.³ See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank

---

³ Plaintiff is cautioned a basic lawsuit is a single claim against a single defendant. See Muric-Dorado v. LVMPD, No. 2:18-CV-01184-JCM (GWF), 2018 WL 3350387, at *2 (D. Nev. July 9, 2018). Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

In contrast to the joinder of claims and defendants permitted by Rule 18(a) and 20(a)(2), unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that unrelated claims against different defendants should be brought in different lawsuits, in part to prevent prisoners from circumventing filing-fee requirements and three-strikes rule under Prison Litigation Reform Act); Gonzalez v. Maldonado, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013) (same).

<u>Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.</u>

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. <u>Id.</u> **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. Cty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his Complaint. If Plaintiff chooses to stand on the Complaint despite the deficiencies in all of Plaintiff's claims identified above, then the

9

Court will submit a recommendation to the assigned district judge **that the entire action be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

3. Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: April 09, 2020

HONORABLE KENLY KIYA KATO
United States Magistrate Judge