UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH W. MILLS, | Case No. CV 20-2846-CBM (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| STATE OF CALIFORNIA, | |
| Defendants. | |

## I.

## __INTRODUCTION__

Plaintiff Kenneth W. Mills ("Plaintiff"), proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983"), Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act.  For the reasons discussed below, the Court dismisses the FAC with leave to amend.

///
///
///
///
///

## II.

## BACKGROUND

On March 16, 2020, Plaintiff, who is currently an inmate at California State Prison – Los Angeles County in Lancaster, California ("CSP-LAC"), constructively filed[1] a Complaint naming the State of California as the sole defendant.  ECF Docket No. ("Dkt.") 1 at 1-2, 6.  Plaintiff set forth the following three claims for relief pursuant to Section 1983, the ADA, and the Rehabilitation Act.  Id. at 3-6.  First, Plaintiff appeared to allege he was denied a "computation review hearing."  Id. at 3. Second, Plaintiff appeared to allege (1) moving him from a prison in Northern California to CSP-LAC is causing "pain and suffering" because the move has precluded family visits in violation of the Fifth, Eighth, and Fourteenth Amendments; and (2) he is disabled but his mattress does not comply with ADA requirements and he is "made to lie on [a] bed w[ith] no springs."  Id. at 3-4.  Third, Plaintiff alleged correctional officers at CSP-LAC "go[] through [the] mail bag and throw[] away some mail" such that Plaintiff's mail "does not reach [his] family."  Id. at 5.  As a result, Plaintiff requested $13,000,000 and "to be released from State of California Prison." Id. at 6.

On April 9, 2020, the Court dismissed the Complaint with leave to amend for failure to state a claim for relief under the ADA or Rehabilitation Act and because the Eleventh Amendment bars all Section 1983 claims against the State of California. Dkt. 8.

On April 14, 2020, Plaintiff constructively filed the FAC.  Dkt. 11.  In addition, from April 8, 2020 through May 3, 2020, Plaintiff filed numerous documents seeking to "add" attachments to his case.[2]  See dkts. 9, 10, 12, 13, 14, 15, 16, 18, 19.

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] The Court will consider all such documents as supplements to, and part of, the FAC.

2

1      In the FAC, Plaintiff states his Fifth, Eighth, and Fourteenth Amendment

2 rights and the Rehabilitation Act have been violated; however, it is not clear whether

3 the FAC is suing the California Department of Corrections and Rehabilitation

4 ("CDCR"), the State of California, or both.  See dkt. 11 at 1, 3, 5, 6.  It is also unclear

5 what relief Plaintiff seeks beyond "tak[ing the] State of California to Court" and

6 having "immunity strip[p]ed."  Id. at 6.  In one of the supplemental documents,

7 Plaintiff alleges he does not have an ADA mattress, is "made to sleep on 'slab of

8 steel,'" and "cold air is blown in cell all night all because of lawsuit." Dkt. 13 at 1.  In

9 two of the other supplemental documents, Plaintiff explains he is disabled, uses a

10 wheelchair for mobility, and was transferred from a prison in Northern California to

11 Southern California, approximately eight hours from his family.  Dkt. 16 at 2; Dkt. 19

12 at 10.

13 **III.**

14 **STANDARD OF REVIEW**

15      Where a plaintiff is a prisoner or proceeding in forma pauperis, a court must

16 screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss

17 the case at any time if it concludes the action is frivolous or malicious, fails to state a

18 claim on which relief may be granted, or seeks monetary relief against a defendant

19 who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v.

20 Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

21      Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a

22 "short and plain statement of the claim showing that the pleader is entitled to relief."

23 Fed. R. Civ. P. 8(a)(2).  In determining whether a complaint fails to state a claim for

24 screening purposes, a court applies the same pleading standard as it would when

25 evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See

26 Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

27      A complaint may be dismissed for failure to state a claim "where there is no

28 cognizable legal theory or an absence of sufficient facts alleged to support a

3

1  cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007).  In

2  considering whether a complaint states a claim, a court must accept as true all of the

3  material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir.

4  2011).  However, the court need not accept as true "allegations that are merely

5  conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re

6  Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint

7  need not include detailed factual allegations, it "must contain sufficient factual matter,

8  accepted as true, to state a claim to relief that is plausible on its face."  Cook v.

9  Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662,

10  678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it

11  "allows the court to draw the reasonable inference that the defendant is liable for the

12  misconduct alleged."  Id.  The complaint "must contain sufficient allegations of

13  underlying facts to give fair notice and to enable the opposing party to defend itself

14  effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

15       "A document filed pro se is 'to be liberally construed,' and a 'pro se complaint,

16  however inartfully pleaded, must be held to less stringent standards than formal

17  pleadings drafted by lawyers.'"  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

18  However, liberal construction should only be afforded to "a plaintiff's factual

19  allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d

20  339 (1989), and a court need not accept as true "unreasonable inferences or assume

21  the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock

22  Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

23       If a court finds the complaint should be dismissed for failure to state a claim,

24  the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith,

25  203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it

26  appears possible the defects in the complaint could be corrected, especially if the

27  plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106

28  (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot

4

be cured by amendment, the court may dismiss without leave to amend.  <u>Cato</u>, 70 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009).

### IV.

### <u>DISCUSSION</u>

**A.    THE FAC FAILS TO COMPLY WITH RULE 8**

    **1.    Applicable Law**

Rule 8 requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8.  Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "[T]he 'short and plain statement' [required by Rule 8] must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  <u>Dura Pharms., Inc. v. Broudo</u>, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005).  "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  <u>Bautista v. L.A. Cty.</u>, 216 F.3d 837, 841 (9th Cir. 2000).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling."  <u>Cafasso v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted); <u>see</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant").  A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit."  <u>Id.</u> at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"); <u>see also</u> <u>Cafasso</u>, 637 F.3d at 1059 (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals);

1    <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1130-31 (9th Cir. 2008)

2    (same).

3          Additionally, a complaint must contain "a demand for relief sought which may

4    include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

5          **2.     Analysis**

6          Here, the FAC prevents the Court, and any defendants, from deciphering the

7    factual and legal basis for each defendant's alleged liability. <u>See</u> <u>Clayburn v. Schirmer</u>,

8    2008 WL 564958, at *4 (E.D. Cal. Feb. 28, 2008) ("The court (and any defendant)

9    should be able to read and understand Plaintiff's pleading within minutes." (citing

10   <u>McHenry</u>, 84 F.3d at 1177)).  Although Plaintiff attaches numerous supporting

11   documents, the FAC itself leaves the Court with a barebones statement that his rights

12   have been violated and the Court cannot determine who the defendants are, what

13   specific law(s) each defendant is alleged to have violated, or what specific actions each

14   defendant took. <u>See</u> <u>id.</u>

15         While Plaintiff may be alluding to claims of retaliation, deliberate indifference,

16   and ADA violations, he fails to provide any specific facts regarding what alleged

17   actions taken by each defendant resulted in a violation of these rights.  Absent specific

18   allegations identifying what actions each defendant took against Plaintiff and how

19   such actions violated Plaintiff's rights, the FAC fails to provide any defendant with

20   fair notice of Plaintiff's claims or the grounds upon which they rest.  Ultimately,

21   unclear pleadings, like the FAC, that "leav[e] it to the Court to figure out what the full

22   array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each

23   claim is based," are subject to dismissal. <u>Little v. Baca</u>, No. CV 13-0373-PA (RZ),

24   2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013).  Accordingly, Plaintiff's FAC does

25   not set forth a "short and plain statement" of his claims as required by Rule 8. <u>Dura</u>

26   <u>Pharms., Inc.</u>, 544 U.S. at 346.

27

28

1    Additionally, the page of the FAC titled "request for relief" fails to specify what

2  relief Plaintiff seeks.  Hence, the FAC does not include "a demand for relief sought",

3  as required by Federal Rule of Civil Procedure 8(a)(3).

4    As such, the FAC is subject to dismissal for failure to comply with Rule 8.  See

5  McHenry, 84 F.3d at 1177.  If Plaintiff chooses to file an amended complaint, he must

6  (1) identify the legal and factual basis for each defendants' alleged liability, and (2)

7  identify his demand for relief.  In addition, while Plaintiff may attach exhibits, the

8  statement of his claims, factual allegations against each defendant, and demand for

9  relief must all be included in the body of the amended complaint form.

10  **B.    THE FAC FAILS TO STATE A CLAIM FOR RELIEF UNDER THE**

11  **ADA OR REHABILITATION ACT**

12    **1.    Applicable Law**

13    Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et

14  seq., and Section 504 of the Rehabilitation Act of 1973, as amended and codified in 29

15  U.S.C. § 794(a), prohibit discrimination on the basis of disability in the programs,

16  services or activities of a public entity.  Title II of the ADA and Section 504 of the

17  Rehabilitation Act apply to inmates within state prisons.  See Pennsylvania Dept. of

18  Corrections v. Yeskey, 524 U.S. 206, 210, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998);

19  see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997).  However, Title II

20  of the ADA and Section 504 of the Rehabilitation Act only afford causes of action

21  against public entities, and do not encompass public officials sued in their individual

22  capacities.[3]  29 U.S.C. §§ 794, 794a; 42 U.S.C. § 12132; Miranda B. V. Kitzhaber, 328

23  F.3d 1181, 1187 (9th Cir. 2003); Roberts v. California Dep't of Corr. & Rehab., No.

24

25  _____

26  [3] In the Ninth Circuit, state agencies are not entitled to Eleventh Amendment
   sovereign immunity from suit under Title II of the ADA.  Phiffer v. Columbia River
   Correctional Institute, 384 F.3d 791, 792 (9th Cir. 2004) (per curiam).  As to the

27  Rehabilitation Act, the Ninth Circuit has held that "[b]ecause California accepts
   federal funds under the Rehabilitation Act, California has waived any immunity under

28  the Eleventh Amendment" as to that Act's anti-discrimination provisions.  See Clark
   v. State of California, 123 F.3d 1267, 1271 (9th Cir. 1997).

EDCV 16-1929 CJC (JC), 2017 WL 3635175, at *9 (C.D. Cal. Aug. 22, 2017).  The proper defendant for an ADA claim is the public entity responsible for the alleged discrimination.  Conklin v. Espinda, No. CV 19-00087 JMS (RT), 2019 WL 7116351, at *14 (D. Haw. Dec. 23, 2019) (citing Everson v. Leis, 556 F.3d 484, 501 & n.7 (6th Cir. 2009) (collecting cases)).

To state a claim for violation of Title II of the ADA or Section 504 of the Rehabilitation Act, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs or activities; (3) he was excluded or otherwise discriminated against by the public entity; and (4) the exclusion or discrimination occurred solely by reason of his disability.  Martin v. Roche, No. EDCV 08-0827-SJO (JTL), 2009 WL 32635, at *11 (C.D. Cal. Jan. 5, 2009).  In addition, to state a Rehabilitation Act claim, a plaintiff must also allege the public entity receives federal financial assistance.  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002), cert. denied, 537 U.S. 1105 (2003).

To recover monetary damages under the ADA, Plaintiff must show intentional discrimination on the part of state officials.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  The test for intentional discrimination is deliberate indifference.  Id.  A defendant acts with deliberate indifference only if (1) the defendant has knowledge from which an inference could be drawn that a harm to a federally protected right is substantially likely, and (2) the defendant actually draws that inference and fails to act upon the likelihood.  See id. at 1138-39.

### 2.    Analysis

As an initial matter, Plaintiff fails to allege facts showing intentional discrimination.  Plaintiff cannot, therefore, recover monetary damages under the ADA or Rehabilitation Act.  See Duvall, 260 F.3d at 1138.  In addition, the State of California is not a proper defendant for Plaintiff's ADA and Rehabilitation Act claims.  Stuckey v. California, No. 19-CV-05460-YGR, 2020 WL 1032302, at *2 (N.D. Cal.

1  Mar. 3, 2020) (dismissing claims against the State of California because "the proper

2  defendant for an ADA action is the institution in which Plaintiff is incarcerated").

3  　　　Moreover, Plaintiff fails to allege he was discriminated against solely by reason

4  of his disability.  Plaintiff alleges he is "disabled" and uses a wheelchair for mobility.

5  See, e.g., dkt. 19 at 10.  Plaintiff, however, fails to explain how the denial of visits

6  from his family is related to his use of a wheelchair.  In fact, Plaintiff appears to allege

7  it is the distance between his family and his new place of incarceration in Lancaster,

8  California that has resulted in his family not being able to visit him.  Id.  Plaintiff also

9  alleges he is "made to sleep on 'slab of steel,'" and "cold air is blown in cell all night

10 all because of lawsuit." Dkt. 13 at 1.  Plaintiff, however, fails to explain how the

11 disability requiring him to use a wheelchair for mobility entitles him to an ADA

12 mattress.

13 　　　Finally, to the extent Plaintiff seeks to sue for alleged inadequate healthcare

14 under the ADA or Rehabilitation Act, such a claim fails as a matter of law.  See Gordy

15 v. Agamyan, No. CV 18-2590-GW (JPR), 2018 WL 3129779, at *4 (C.D. Cal. June 22,

16 2018); Figueira ex rel. Castillo v. Cnty. of Sutter, No. 2:15-cv-00500-KJM (AC), 2015

17 WL 6449151, at *8-9 (E.D. Cal. Oct. 23, 2015) (dismissing ADA/Rehabilitation Act

18 claims arising from suicide of mentally ill inmate following allegedly inadequate health

19 care in custody; noting that "[t]he defendants cannot have violated the ADA by failing

20 to attend to the medical needs of disabled prisoners").

21 　　　Hence, Plaintiff's ADA and Rehabilitation Act claims are subject to dismissal.

22 **C.    THE ELEVENTH AMENDMENT BARS ALL SECTION 1983**

23 **       CLAIMS AGAINST THE STATE OF CALIFORNIA AND CDCR**

24 　　　**1.    Applicable Law**

25 　　　"The Eleventh Amendment prohibits federal courts from hearing suits brought

26 against an unconsenting state."  Brooks v. Sulphur Springs Valley Elec. Co-op., 951

27 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman,

28 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)).  This jurisdictional bar

includes "suits naming state agencies and departments as defendants," and it applies whether a plaintiff "seek[s] damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102. "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990).

### 2. Analysis

Here, to the extent Plaintiff seeks to sue the State of California and/or CDCR pursuant to Section 1983, such claims are barred because the State of California and CDCR are protected by the Eleventh Amendment. See Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009) (affirming district court holding that CDCR is entitled to Eleventh Amendment immunity). Thus, Plaintiff's Section 1983 claims against the State of California and/or CDCR are subject to dismissal.[4]

## V.

## LEAVE TO FILE A SECOND AMENDED COMPLAINT

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted.[5]

---

[4] Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). In the caption of the FAC, Plaintiff lists the State of California as the sole defendant. See dkt. 11. Later in the body of the FAC, however, Plaintiff identifies CDCR as the sole defendant. Id. at 3. Then, in the request for relief, Plaintiff seeks to have the State of California's Eleventh Amendment immunity "strip[p]ed." Id. at 6. As a result of these inconsistencies, it is unclear who Plaintiff is suing. In an amended complaint, Plaintiff should name each defendant who caused his alleged injuries.

[5] Plaintiff is cautioned a basic lawsuit is a single claim against a single defendant. See Muric-Dorado v. LVMPD, No. 2:18-CV-01184-JCM (GWF), 2018 WL 3350387, at *2 (D. Nev. July 9, 2018). Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

In contrast to the joinder of claims and defendants permitted by Rule 18(a) and 20(a)(2), unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." George v. Smith, 507 F.3d 605, 607 (7th Cir.

See <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Plaintiff is advised that the Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his Second Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1.      Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above.  <u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.</u>

If Plaintiff chooses to file a Second Amended Complaint, he must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims

---

2007) (noting that unrelated claims against different defendants should be brought in different lawsuits, in part to prevent prisoners from circumventing filing-fee requirements and three-strikes rule under Prison Litigation Reform Act); <u>Gonzalez v. Maldonado</u>, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013) (same).

1   asserted in the FAC or Complaint.  In addition, the Second Amended Complaint

2   must be complete without reference to the FAC, Complaint, or any other pleading,

3   attachment, or document.

4       An amended complaint supersedes the preceding complaint.  Ferdik v.

5   Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat

6   all preceding complaints as nonexistent.  Id.  **Because the Court grants Plaintiff**

7   **leave to amend as to all his claims raised here, any claim raised in a preceding**

8   **complaint is waived if it is not raised again in the Second Amended Complaint.**

9   Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

10      The Court advises Plaintiff that it generally will not be well-disposed toward

11  another dismissal with leave to amend if Plaintiff files a Second Amended Complaint

12  that continues to include claims on which relief cannot be granted.  "[A] district

13  court's discretion over amendments is especially broad 'where the court has already

14  given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. Cty.

15  of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at

16  1261.  Thus, **if Plaintiff files a Second Amended Complaint with claims on**

17  **which relief cannot be granted, the Second Amended Complaint will be**

18  **dismissed without leave to amend and with prejudice.**

19      2.     Alternatively, Plaintiff may file a notice with the Court that he intends to

20  stand on the allegations in his FAC.  If Plaintiff chooses to stand on the FAC despite

21  the deficiencies in all of Plaintiff's claims identified above, then the Court will submit

22  a recommendation to the assigned district judge **that the entire action be dismissed**

23  **with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to

24  file Objections with the district judge as provided in the Local Rules Governing

25  Duties of Magistrate Judges.

26      3.     Finally, Plaintiff may voluntarily dismiss the action without prejudice,

27  pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk of Court is directed to

28

mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  May 14, 2020

HONORABLE KENLY KIYA KATO
United States Magistrate Judge